# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 96-20330
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD A. SADLER,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CR-51)

---

February 18, 1997

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:[*]

Gerald A. Sadler, also known as Jerry Sadler, pled guilty pursuant to a plea

agreement to one count of filing a false claim for a tax refund and now appeals his

sentence. Concluding that Sadler knowingly and voluntarily entered into a plea

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

agreement waiving his right to appeal, we dismiss the appeal.

## Background

Sadler, a licensed attorney, was indicted on three counts of filing false claims for tax refunds in violation of 18 U.S.C. § 287. The government and Sadler entered into a plea agreement. Sadler agreed to plead guilty to one count, to waive his right to appeal his sentence, and to submit all relevant documents to the Internal Revenue Service for use in computing his taxes. In return, the government agreed to dismiss the other counts and to offer no opposition to either Sadler's request for a reduction in his offense level for acceptance of responsibility or to his efforts to secure a determination that his actions involved only "minimal planning."[1]

Sadler's guilty plea was tendered and accepted, and he was sentenced to 18 months imprisonment, followed by two years of supervised release, and ordered to pay a $50 special assessment. Sadler timely appealed.

## Analysis

Sadler contends that the government breached the plea agreement. This presents a question of law. As the challenging party, Sadler must prove the facts

---

[1]The United States Sentencing Guidelines provide that in an offense involving fraud or deceit, the base offense level of six should be increased by two levels if the offense involved "more than minimal planning." U.S.S.G. § 2F1.1(b)(2)(A).

establishing the breach by a preponderance of the evidence.[2]  A breach occurs only if the government's conduct is inconsistent with the parties' reasonable understanding of the plea agreement.[3]

Sadler contends that the government breached the plea agreement by taking a position on the issue of minimal planning at his sentencing hearing.  The plea agreement provided that "the government will take no position with regard to the issue of whether the defendant's action . . . involved more than minimal planning."  The presentence report (PSR) recommended that Sadler's base offense level be increased two levels because his actions involved more than minimal planning.  At the sentencing hearing the district court questioned the prosecutor about the recommended increase.  The prosecutor responded that he had "agreed not to take a position in that regard," further stating that there were "multiple years charged . . . and there [was] an . . . uncharged year."  Sadler maintains that this amounts to the government's taking a position on the issue of minimal planning.

Sadler did not, however, object at the sentencing hearing to the comments he now challenges and we therefore review his claim for plain error.[4]  When

_____

[2]**United States v. Watson**, 988 F.2d 544 (5th Cir. 1993), <u>cert</u>. <u>denied</u>, 114 S.Ct. 698 (1994).

[3]**United States v. Valencia**, 985 F.2d 758 (5th Cir. 1993).

[4]**United States v. Wilder**, 15 F.3d 1292 (5th Cir. 1994).

3

questioned, the prosecutor informed the court that the government had agreed not to take a position with regard to the issue of minimal planning. By noting the multiple charged years and the uncharged year the prosecutor merely reiterated information contained in the PSR. This did not amount to the government taking a position on the issue of minimal planning and did not, therefore, constitute a breach of the plea agreement. We are obliged to recognize and effectuate it.

Sadler seeks our review of various alleged errors in his sentence.[5] The plea agreement Sadler signed, however, contained the following provision:

> The defendant is aware that the defendant's sentence will be imposed in accordance with the United States Sentencing Commission, <u>Guidelines Manual</u>. The defendant nonetheless acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) to which the defendant pleads guilty. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the sentence or the manner in which it was determined on the grounds set forth in Title 18, United States Code, Section 3742, except that the defendant may appeal a sentence imposed above the statutory maximum or an upward departure from the Sentencing Guidelines, which upward departure had not been requested by the United States. This agreement does not affect the right or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

---

[5]Sadler also raises a claim of ineffective assistance of counsel. This claim was not raised in the trial court and the record is not sufficiently developed for evaluation at this time. <u>See</u> **United States v. Packer**, 70 F.3d 357 (5th Cir. 1995), <u>cert</u>. <u>denied</u>, 117 S.Ct. 75 (1996).

A defendant may waive the right to appeal as part of a valid plea agreement if the waiver is knowingly and voluntarily made.[6] At the rearraignment, Sadler stated that he had read the agreement, had discussed it with his attorney, and understood it. He gave no indication whatever, at either the rearraignment or the sentencing hearing, of any failure of understanding or agreement with the waiver of appeal provision.

The language of the agreement is express. Sadler agreed to a waiver permitting only an appeal of a sentence imposed above the statutory maximum or as the result of an upward departure by the court. Neither occurred here. The record before us is devoid of any basis for the finding and conclusion that Sadler, a practicing attorney, did not understand the plea agreement or did not knowingly and voluntarily waive his right to appeal his sentence. The appeal raising this challenge must be dismissed.

Sadler raises one further point which bears discussion in order that any uncertainty may be obviated. The plea agreement obliges Sadler to make all of his books, records, and documents available and to assist the Internal Revenue Service in "computing" the taxes, interest, and penalties due for 1988, 1989, and 1990. In the judgment the district court stated that Sadler "is required to assist and cooperate

---

[6]**United States v. Melancon**, 972 F.2d 566 (5th Cir. 1992).

with the Internal Revenue Service in the collection of back taxes and penalties."
This directive is understood to be consistent with the plea agreement and to reach
only to the "computing" and not to the actual "collection" of the taxes. As such,
this issue is not appealable as inconsistent with the plea agreement for it may be
understood as being fully consistent therewith.

The motion of Sadler to file a brief in excess of the page limit is granted.

The motion of the government to dismiss the appeal is, for the foregoing
reasons and consistent with the foregoing understanding, GRANTED.

Dismissed.